# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN WILBUR,

          Plaintiff,

v.

                                                 Case No. 8:22-cv-1002-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

          Defendant.

_____

# OPINION AND ORDER[1]

## I.   Status

John Wilbur ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of anxiety, bipolar disorder, depression, insomnia, post-traumatic stress disorder, panic attacks, and arthritis. Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed July 27, 2022, at 84-85, 102, 390. Plaintiff protectively filed an application for SSI on December 5, 2019,

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed July 27, 2022; Reference Order (Doc. No. 16), entered July 27, 2022.

alleging a disability onset date of January 1, 2019. Tr. at 349-61, 362-68.[2] The application was denied initially, Tr. at 83, 84-97, 98, 100, 164-70, and upon reconsideration, Tr. at 101-15, 116, 117, 119, 174-86.[3]

On December 9, 2020, an Administrative Law Judge ("ALJ") held a hearing,[4] during which Plaintiff (represented by a non-attorney representative) and a vocational expert ("VE") testified. Tr. at 55-82. At the time, Plaintiff was forty (40) years old. Tr. at 61. The ALJ issued a decision on March 2, 2021 finding Plaintiff was not disabled since December 5, 2019, the date the application was filed. Tr. at 140-50. Thereafter, the Appeals Council granted review and remanded the matter to the ALJ with instructions to "[c]onsider and exhibit any evidence material to the issues in the case about which the [ALJ] is informed timely or which is submitted timely." Tr. at 158.

---

[2]     The SSI application was actually completed on November 14, 2019, Tr. at 359, and evidently received on December 6, 2019, Tr. at 362, but the protective filing date is listed elsewhere in the administrative transcript as December 5, 2019, Tr. at 84, 101.

[3]     Some of the cited documents are duplicates.

[4]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the early stages of the COVID-19 pandemic. Tr. at 58-60, 319-20.

On January 4, 2022, the ALJ held another hearing,[5] during which Plaintiff (represented by a non-attorney representative) and a VE again testified. Tr. at 33-54. At the time, Plaintiff was forty-one (41) years old. Tr. at 37. On January 24, 2022, the ALJ issued a Decision finding Plaintiff not disabled since December 5, 2019, the date the application was filed. See Tr. at 15-26.[6]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and filed a brief authored by his representative in support. See Tr. at 4-5 (Appeals Council exhibit list and order), 347-48 (request for review), 502 (brief). On March 10, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On April 28, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ: "failed to properly consider [Plaintiff's] subjective complaints" and "failed to properly consider[] the opinion

---

[5]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the early stages of the COVID-19 pandemic. Tr. at 35-37, 339-40.

[6]     The administrative transcript also contains an ALJ decision dated May 6, 2016 that states Plaintiff had been found to be disabled as of January 1, 2009, but finds that Plaintiff's disability ceased as of November 1, 2014. Tr. at 123-31. This decision is not at issue in the current appeal.

evidence." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 25; "Pl.'s Mem."), filed December 14, 2022, at 8 (emphasis and capitalization omitted); see id. at 8-20, 20-25. On February 13, 2023, Defendant responded to Plaintiff's arguments by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the opinion and other evidence relating to Plaintiff's mental condition. On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-26. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since December 5, 2019, the application date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: bipolar affective disorder with major

---

[7]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

depressive disorder; schizoaffective anxiety; psychophysiological insomnia." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a full range of work at all exertional levels, but with the following non-exertional limitations: he must avoid the operation of dangerous machinery and an extreme loud noise work environment. [Plaintiff] is limited to understanding and carrying out routine, repetitive, unskilled tasks with the ability to make basic decisions and to adjust to simple changes in a work setting, as long as interaction with the public is occasional and interaction with coworkers and supervisors is frequent.

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 25 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("39 years old . . . on the date the application was filed"), education ("limited education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 25 (emphasis and citations omitted), such as "Commercial Cleaner," "Laundry Laborer," and "Rack Loader," Tr. at 26. The

ALJ concluded Plaintiff "has not been under a disability . . . since December 5, 2019, the date the application was filed." Tr. at 26 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the treatment notes of Sandra Brehmer, APRN, who treated Plaintiff at Baycare Mental Health for a period of almost two years; and in finding unpersuasive the opinion of Billie Jo Hatton, Psy.D., who evaluated Plaintiff at the request of the state agency. Pl.'s Mem. at 20-25. According to Plaintiff, the ALJ "cherry-pick[ed]" findings in Ms. Brehmer's notes to support the ALJ's conclusions, while ignoring evidence of the episodic and changing nature of his bipolar and other disorders. Id. at 20-21. Moreover, argues Plaintiff, the ALJ erred in evaluating Dr. Hatton's opinion on Plaintiff's mental functioning based on its alleged inconsistency with the evidence. Id. at 22-25. Responding, Defendant argues the ALJ properly evaluated Ms. Brehmer's notes, and the ALJ's findings about Dr. Hatton's opinion are supported by substantial evidence. Def.'s Mem. at 15-24.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and

Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical condition, including judgments about the nature and severity of [a claimant's] impairments, [a claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents

---

[8]     Plaintiff filed his SSI application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

applying the treating-physician rule." <u>Harner v. Soc. Sec. Admin., Comm'r</u>, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[9]

---

[9]    When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

The Eleventh Circuit has recognized that "the episodic nature of" bipolar disorder must be considered by an ALJ. <u>Schink v. Comm'r of Soc. Sec.</u>, 935 F.3d 1245, 1268 (11th Cir. 2019). An ALJ may not rely on "snapshots" of how a bipolar individual is doing to discredit medical findings because the disorder is "characterized by the unpredictable fluctuation of [its] symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months." <u>Simon</u>, 7 F.4th at 1106 (citation omitted).

Here, as noted, Ms. Brehmer treated Plaintiff for a period of almost two years, and her treatment notes contain details evidencing a fluctuation of symptoms both when Plaintiff was compliant and noncompliant with medication. <u>See</u> Tr. at 635-50, 669-70, 699-719. Yet, the ALJ, in discussing Ms. Brehmer's notes, relies heavily on the "good days," to the exclusion of discussing evidence of the fluctuation in symptoms. <u>See</u> Tr. at 22-24. It does not appear the ALJ took into consideration the episodic nature of Plaintiff's bipolar disorder as instructed in <u>Schink</u> and <u>Simon</u>, and in any event, the ALJ's recitation of the notes from Ms. Brehmer does not give the Court sufficient satisfaction that they were fully considered. Reversal and remand for reconsideration is required.

Moreover, the ALJ found "not persuasive" the opinion of Dr. Hatton regarding Plaintiff's ability to maintain employment in a competitive work environment. Tr. at 24; <u>see</u> Tr. at 621-24 (Dr. Hatton's opinion). In rendering

this opinion, Dr. Hatton took into account his own examination findings, as well as the available medical evidence. Tr. at 621. But, the ALJ found the opinion was "internally inconsistent with his mental status examination findings," without stating what findings are allegedly inconsistent. Tr. at 24. Moreover, the ALJ found the opinion to be inconsistent "with the mental status examinations performed in 2020 and 2021 when [Plaintiff] was compliant with his medication regimen," Tr. at 24, but these are Ms. Brehmer's notes that the Court has already determined were not adequately considered. Thus, on remand, the ALJ shall reconsider Dr. Hatton's opinion as well.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reconsider Ms. Brehmer's notes and Dr. Hatton's opinion on Plaintiff's mental functioning, being sure to take into account the episodic nature of bipolar disorder;

(B)     If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 18, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

- 13 -