**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN WILBUR,

        Plaintiff,

v.                                                                  Case No. 8:22-cv-1002-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiff's Opposed Petition for Attorney Fees (Doc. No. 29; "Petition"), filed November 1, 2023.[2] In the Petition and supporting filings, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,963.25. Petition at 1-3; see also Affidavit of Plaintiff's Counsel (Doc. No. 29 pp. 5-6; "Affidavit"); Plaintiff's Reply to Defendant's Opposition of Motion for EAJA Fees (Doc. No. 37; "Reply"), filed January 16, 2024, at 7. Defendant opposes the relief requested solely on the ground that the Commissioner's position in litigating the issues

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The pages of the Petition and supporting documentation are unnumbered. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

was substantially justified. See Defendant's Response in Opposition to Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 32; "Response"), filed November 16, 2023. With permission (see Order (Doc. No. 36)), Plaintiff's Reply was filed on January 16, 2024. Although Defendant was permitted to file a sur-reply (see Order (Doc. No. 36)), he elected not to do so.

The EAJA states in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses. . . incurred by that party in any civil action. . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Further, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." Id. § 2412(d)(1)(B). The United States bears the burden of showing its position was substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted); see also Monroe v. Comm'r of Soc. Sec. Admin., 569 F. App'x 833, 835 (11th Cir. 2014) (citation omitted). "To be 'substantially justified' under the EAJA, the government's position must be 'justified to a degree that could satisfy a reasonable person.'" Monroe, 569 F. App'x at 834 (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 n.6 (1990)).

2

"Thus, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Reese v. Sullivan, 925 F.2d 1395, 1396 (11th Cir. 1991)).

Here, Defendant has not met his burden of showing his position was substantially justified. In ordering reversal and remand of the Decision to deny supplemental security income, the undersigned found reversible error with respect to the ALJ's discussion of the opinion and other evidence related to Plaintiff's mental condition. See generally Opinion and Order (Doc. No. 27). In light of these errors, the undersigned did not substantively address the remaining issue (Plaintiff's subjective complaints). See id. at 3-4.

As for the ALJ's errors, the undersigned summarized the parties' arguments relating to treatment notes of Sandra Brehmer, APRN, who treated Plaintiff at Baycare Mental Health for a period of almost two years; and the opinion of Billie Jo Hatton, Psy.D., who evaluated Plaintiff at the request of the state agency. Id. at 8. Plaintiff had specifically contended that the ALJ erred in "cherry picking" favorable evidence in Ms. Brehmer's notes, to the exclusion of "observations and findings in her treatment records supporting a finding of disability." Plaintiff's Brief (Doc. No. 25), filed December 14, 2022, at 21. According to Plaintiff, the notes showed Plaintiff "was not in fact stable on medications." Id. Earlier, in the discussion of subjective complaints, Plaintiff contended his "periods of deterioration and improvement are typical of individuals suffering from depression, bipolar disorder and anxiety" and

provided detailed summaries of various notes showing a fluctuation in symptoms. Id. at 16-19.

Despite the existence of binding Eleventh Circuit precedent addressing how evidence of "the episodic nature of" bipolar disorder must be considered by an ALJ, Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019); see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1106 (11th Cir. 2021) (citation omitted), neither party cited such precedent in their respective "merits" briefs.

The undersigned ultimately found with respect to the parties' arguments:

> Ms. Brehmer treated Plaintiff for a period of almost two years, and her treatment notes contain details evidencing a fluctuation of symptoms both when Plaintiff was compliant and noncompliant with medication. See Tr. at 635-50, 669-70, 699-719. Yet, the ALJ, in discussing Ms. Brehmer's notes, relies heavily on the "good days," to the exclusion of discussing evidence of the fluctuation in symptoms. See Tr. at 22-24. It does not appear the ALJ took into consideration the episodic nature of Plaintiff's bipolar disorder as instructed in Schink and Simon, and in any event, the ALJ's recitation of the notes from Ms. Brehmer does not give the Court sufficient satisfaction that they were fully considered. Reversal and remand for reconsideration is required. Moreover, the ALJ found "not persuasive" the opinion of Dr. Hatton regarding Plaintiff's ability to maintain employment in a competitive work environment. Tr. at 24; see Tr. at 621-24 (Dr. Hatton's opinion). In rendering this opinion, Dr. Hatton took into account his own examination findings, as well as the available medical evidence. Tr. at 621. But, the ALJ found the opinion was "internally inconsistent with his mental status examination

4

> findings," without stating what findings are allegedly inconsistent. Tr. at 24. Moreover, the ALJ found the opinion to be inconsistent "with the mental status examinations performed in 2020 and 2021 when [Plaintiff] was compliant with his medication regimen," Tr. at 24, but these are Ms. Brehmer's notes that the Court has already determined were not adequately considered. Thus, on remand, the ALJ shall reconsider Dr. Hatton's opinion as well.

Opinion and Order at 11-12.

Defendant did not have a reasonable basis in law or fact in defending the case. In now defending the Administration's findings and his position in this Court, Defendant argues that the ALJ's Decision "could be read to comply with Schink and Simon, as the ALJ did not completely fail to discuss relevant evidence." Response at 4. However, the undersigned did not base the reversal and remand on a strict application of Schink and Simon, instead observing that they did not appear to be followed. See Opinion and Order at 11. More importantly, the undersigned found that the ALJ's recitation of the key notes from Ms. Brehmer did not give the Court sufficient satisfaction that they were fully considered. Id. Then, the undersigned observed, the ALJ relied on the same notes in discussing Dr. Hatton's opinion, compounding the error. Id. at 11-12. In light of these findings and others contained in the Opinion and Order, Defendant's position on appeal was not substantially justified.[3]

---

[3] Defendant only discusses the unresolved subjective complaints issue in a footnote in his current Response, see Response at 10 n.4, referring the Court to his original arguments on the issue. The Court need not determine whether this is

5

According to the Petition, the Reply, and supporting documentation, Plaintiff's counsel expended a total of 34.40 hours in the representation of Plaintiff before the Court. Petition at 2; Reply at 7; Itemization of Services Rendered by Attorney (Doc. No. 29-1). Plaintiff requests an hourly rate of $231.49. Petition at 2. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[4] Further, the number of hours expended is reasonable.

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. See Assignment of EAJA Fees (Doc. No. 29-2). Regarding the assignment, Plaintiff represents the following:

> [A]fter the Court issues an order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. Any payments shall be made payable to Plaintiff and

---

sufficient to meet the "substantially justified" burden.

[4] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 1, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

>   delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines Plaintiff does not owe a federal debt[,] the government may accept [] Plaintiff's assignment of EAJA form and pay fees directly to Plaintiff's counsel.

Petition at 3.

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Opposed Petition for Attorney Fees (Doc. No. 29), as supplemented (Doc. No. 37), is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $7,963.25 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on July 3, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record